### IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF
### HINDS COUNTY, MISSISSIPPI

**CHRISTOPHER BREAZEALE**                                          **PLAINTIFF**

**VS.**                                          **CIVIL ACTION NO.: 15-282**

**HINDS COUNTY, HINDS COUNTY**
**SHERIFF'S DEPARTMENT; SHERIFF TYRONE LEWIS;**
**and JOHN DOES NOS. 1-10**                          **DEFENDANTS**

### <u>CLERK'S CERTIFICATE</u>

I, Barbara Dunn, Clerk of the Circuit Court and Custodian of Records, do hereby

certify that the following attached _21_ pages are true and correct copies of all the

original papers filed in the above-styled and numbered cause.

In WITNESS WHEREOF, I have hereunto set my hand and seal of said Court of

Hinds County, State of Mississippi, this _2_ day of June, 2015.

**BARBARA DUNN, CIRCUIT CLERK**

BY: _____ D. C.





FILED

MAY 22 2015

BARBARA DUNN, CIRCUIT CLERK

BY_____ D.C.

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF
HINDS COUNTY, MISSISSIPPI

CHRISTOPHER BREAZEALE                                                    PLAINTIFF

VS.                                    CIVIL ACTION NO. _15-282_____

HINDS COUNTY, HINDS COUNTY
SHERIFF'S DEPARTMENT; SHERIFF TYRONE LEWIS;
and JOHN DOES NOS. 1-10                                                  DEFENDANTS

### COMPLAINT

The Plaintiff, CHRISTOPHER BREAZEALE, by and through counsel, files this his

Complaint against the Defendants, SHERIFF TYRONE LEWIS; HINDS COUNTY SHERIFF'S

DEPARTMENT; and JOHN DOES NOS. 1-10, for the relief sought herein. In support of this

Complaint, the Plaintiff, by and through his counsel, would state and show unto the Court the

following, to-wit:

### JURISDICTION AND VENUE

1. This civil action is brought under the laws of the United States of America, in

accordance with 28 U. S. C. Section 1331, such that subject matter jurisdiction is conferred upon

this Court. Moreover, the actions or omissions set forth herein below arose or accrued in Hinds

County, Mississippi, such that venue is proper in this district and this division. Specifically, the

Plaintiff seeks relief for violations of his rights and privileges under 42 U. S. C. Sections 1983,

1985 and 1986, as well as those rights and privileges afforded him under the *First, Fourth, Fifth,*

*Eighth* and *Fourteenth Amendments* to the *United States Constitution.* Plaintiff would state and

show that the execution of policies and customs or usage of such policies and customs of the

Defendants has deprived the Plaintiff of certain rights and privileges secured to him by the

*United States Constitution.* Plaintiff also asserts certain pendent state law claims against the Defendants, and each of them, under the laws of the State of Mississippi, including injury to his person, pain and suffering, invasion of privacy, intentional infliction of emotional distress, criminal conduct and related claims of wilful, malicious and intentional conduct. Furthermore, the Defendants, and each of them, acted willfully and wantonly, such that they are likewise prohibited from any claim of immunity.

<u>PARTIES</u>

2. The Plaintiff, Christopher Breazeale, is an adult resident citizen of Hinds County, Mississippi, such that venue and jurisdiction of the parties is proper before this Court.

3. Defendant, Hinds County, is amenable to suit under the 42 U.S.C. Section 1983, Process of this Court may be served by serving the Board of Supervisors for Hinds County at 316 S. President St. Jackson, MS 39201.

4. Defendant, Hinds County Sheriffs Department (hereinafter referred to as Hinds Sheriffs Department"), is an entity organized and existing under the laws of the State of Mississippi, and it may be served with process of this Court upon its chief executive officer, Defendant Lewis, by the delivering of a Summons and copy of this Complaint to his place of employment located at 407 E. Pascagoula Street, Jackson, Mississippi 39201. At all material and relevant times, as alleged herein, Defendant, Hinds Sheriff Department, acted by and through its employees, agents, and other representatives, such that all of their actions, conduct or omissions, as alleged herein are imputed to Defendant, Hinds Sheriff Department.

5. Defendant, Hinds County Sheriff Tyrone Lewis (hereinafter referred to as "Sheriff Lewis"), is the duly elected sheriff and law enforcement official of Hinds County, Mississippi,

2

and performs his work duties and is present in the Southern District of Mississippi. Defendant

Lewis may be served with process of this Court by the delivering

of a Summons and copy of this Complaint to his place of employment located at 407 E.

Pascagoula Street, Jackson, Mississippi 39201. At all material and relevant times

alleged herein, the claims against Defendant Lewis are brought in both his individual

capacity and his official representative capacity, as more fully set forth herein below.

6.   Pursuant to Rule 10(a) of the *Federal Rules of Civil Procedure*,

Defendants, John Does 1-10, are persons, entities or businesses, the identities of which are

currently unknown to the Plaintiff or for which the Plaintiff has no actual or constructive

knowledge of such Defendants liability for the claims or causes of actions set forth herein.

Plaintiff would therefore show unto the Court that the identities and liabilities of these

Defendants may be within the control and knowledge of the named Defendants herein, such that

Plaintiff currently has no reasonable knowledge or information concerning these Defendants'

identities or liabilities, after reasonable and diligent search and inquiry. However, upon

information and belief, these Defendants, John Does 1-10, may likewise be liable to the Plaintiff

for all injuries, damages, claims and causes of action set forth herein. Plaintiff therefore reserves

the right to individually name such Defendants and join such Defendants, pursuant to Rules 19

and 20 of the *Federal Rules of Civil Procedure*, upon discovery of the true identities and

liabilities of the same.

FACTS

7. On or about August 29th, 2014, ,Christopher Breazeale was taken into custody by the Hinds County Sheriff Department and was incarcerated at the Hinds County Raymond Detention Center (hereafter referred to as the Detention Facility) located in Raymond, Mississippi. Prior to his confinement at the Detention Facility, Christopher Breazeale had notified the Deputy Sheriffs that were arresting him that he had an insulin dependency and would require insulin shots. He was informed that he could not provide his own insulin, which was in his possession, but would be provided insulin at the Detention Facility.

8. Christopher Breazeale was only provided 3-4 units of insulin by the Detention Facility on August 30th; his required dosage was 25 units with each meal and 40 units at bedtime and he informed the Detention Facility of these facts. The Detention Facility refused to provide the necessary dosage and refused to confirm or address Christopher Breazeale's repeated assertions of medical need. This refusal caused Christopher Breazeale to collapse on August 30th, and required the Detention Facility to rush him to the Central Mississippi Medical Center Intensive Care Unit, where he was diagnosed with Diabetic Ketoacidosis and Hyperglycemia. In doing so, the Sheriff's Department had no reasonable or legitimate basis for causing such severe injuries to the Plaintiff and therefore acted with reckless disregard for the rights and privileges of the Plaintiff.

9. Moreover, the Defendants, and each of them, engaged in such conduct so as to physically injure the Plaintiff, cause him severe and extreme pain and suffering, mental and emotional distress, and acted with reckless indifference to the consequences of their conduct.

10. Without due process of law, Defendant Lewis, acting under color of state law, caused such injuries and losses to be sustained by the Plaintiff by his gross negligence, bad faith, wilful,

4

wanton and malicious conduct. Furthermore, Defendant Hinds County Sheriff's Department, acting on the conduct and implementation of policies of Defendant Lewis, all acting under color of state law, therefore caused such injuries and damages to the Plaintiff by their respective gross negligence, bad faith, wilful, wanton and malicious conduct.

11. It should be further stated that Defendant Sheriff Lewis, acting under color or state law, has implemented or failed to implement any policy and follow the requirements of the above stated statutes and to protect individuals, such as the Plaintiff, from such denial of established rights and privileges under the *United States Constitution*, including the Plaintiff. Such utter lack of mandatory duties is likewise actionable, for violation of the Plaintiff's due process rights and privileges afforded to all citizens under the *United States Constitution*.

12. Defendant Hinds County Sheriffs Department, acting under color of state law, have implemented or failed to implement or otherwise promulgate policies, rules or regulation to protect individuals, such as the Plaintiff, from such unlawful, malicious, and intentional violation of the Plaintiff's due process rights and privileges, such that the conduct of the Sheriffs Department establishes a custom or usage of means to injure and otherwise violate the rights and privileges of the Plaintiff, and others similarly situated, without due process of law.

13. Hinds County Sheriffs Department, by and through Defendant Lewis, acting under color of state law, have implemented or failed to implement or otherwise promulgate policies, rules or regulation to protect individuals, such as the Plaintiff, from such unlawful, malicious, and intentional violation of the Plaintiff's due process rights and privileges, such that the conduct of the Concordia Sheriff's Department establishes a custom or usage of means to injure and

otherwise violate the rights and privileges of the Plaintiff, and others similarly situated, without due process of law.

14. Such outrageous, willful and malicious conduct by Defendants, and each of them, may be considered as punitive in nature and subject each of them to additional liability for the aforesaid injuries and other related claims.

15. The procedural and substantive due process violations committed by the Defendants, and each of them, must be directly reviewed and strictly scrutinized by this Court. Indeed, the entirety and totality of the circumstances regarding the method and manner by which the Defendants, and each of them, engaged in such unlawful conduct shocks the conscience.

16. Plaintiff would further state and show unto the Court that he is seized and possessed with rights and privileges under the *Fourth, Fifth* and *Fourteenth Amendments* to the *United States Constitution*. Furthermore, the Plaintiff enjoys and is seized and possessed with rights and privileges under the *Fourth, Fifth, Eighth* and *Fourteenth Amendments* to the *United States Constitution*. Such rights and privileges include, but are not limited to, the following:

   a. the right to freely associate and to petition the government for a redress of grievances;

   b. the right to liberty, which may not be abridged without due process of law;

   c. the right to be secure in his person, from injury or harm, his house, his papers and effects, against unreasonable searches and seizures;

   d. the right to not be deprived of his property, including but not limited to, his employment and income therefrom, without due process of law;

6

e. the right to not be deprived of his life, including but not limited, to any threat of arrest or injury, without due process of law;

f. the right to not have his property taken, including but not limited to his employment and income therefrom, without due process of law;

g. the right against the imposition of excessive fines or the inflicting of unusual punishment;

h. the right against any State, including the Defendants, and each of them herein, from abridging the rights, immunities and privileges of citizens of the United States;

i. the right against any State, including the Defendants, and each of them herein, from depriving him of his life, person, liberty or property without due process of law; and

j. such other rights and privileges as may be shown and established at the trial of this matter.

17. The Plaintiff would therefore state and show unto the Court that the Defendants, and each of them, acting under color of state law, violated and wilfully, maliciously, wantonly, and with gross negligence breached each and every one of the above and foregoing rights and privileges of the Plaintiff, without due process of law, such that they are each, jointly and severally, liable to the Plaintiff therefor.

18. These procedural and substantive violations underscore the fact that the Plaintiff was not provided "due process" notice and a right to be heard, in advance of the above and wrongful conduct of the Defendants, and each of them. At a bare minimum, procedural due process

requires an appropriate level of such process, so as to protect the Plaintiff, and others similarly situated, from having the above delineated constitutional rights and privileges abrogated, violated and breached. It is an immutable aspect of due process that a person, against whom evidence is to be used, be afforded an opportunity to refute any purported evidence, prior to his being subjected to the unlawful and wrongful conduct of the Defendants, and each of them, as set forth herein above, including, but not limited to, his suffering injuries, as stated above.

19. As a direct and proximate result of the reckless indifference, negligent, intentional, wilful, malicious, unlawful and wrongful conduct of the Defendants, and each of them, the Plaintiff has suffered actual and compensatory damages, incidental and consequential damages, all to his loss and detriment.

<u>DAMAGES AND LOSSES</u>

20. The Plaintiff would state and show unto the Court that, as a direct and proximate result of the actions, conduct and omissions of the Defendants, and each of them, he has suffered the following actual and compensatory, incidental and consequential, damages, all to his loss and detriment, including, but not limited to, the following:

     a. damage to his kidneys, as well as severe physical pain and suffering, as well as mental and emotional distress;

     b. loss to his career and wage earning capacity;

     c. mental and emotional distress;

     d. such other damages and losses as may be shown at the trial of this matter.

<u>COUNT I</u>

21.   Plaintiff would incorporate by reference each and every one of the above and foregoing paragraphs of this Complaint, inclusive of the claims and causes of actions set forth therein, and he would further state and show unto the Court the following:

22.   Plaintiff would state and show unto the Court that the Defendants, and each of them, have engaged in the aforesaid wrongful conduct, in violation of the Plaintiff's rights and privileges afforded him under the *Fourth, Fifth, Eighth* and *Fourteenth Amendments* to the *United States Constitution*.  Thus, the Plaintiff hereby seeks recovery for the violations of his rights to substantive and procedural due process of the his constitutional rights, as more specifically set forth above.

23.   As a direct and proximate result of said violations and wrongful conduct, the Plaintiff has suffered and incurred actual and compensatory, incidental and consequential, damages, for which the Defendants, and each of them are liable.

## COUNT II

24.   Plaintiff would incorporate by reference each and every one of the above and foregoing paragraphs of this Complaint, inclusive of the claims and causes of actions set forth therein, and he would further state and show unto the Court the following:

25.   Plaintiff would further state and show unto the Court that the Defendants, and each of them, acting under color of state law and in consort with each other against the Plaintiff, engaged in the aforesaid wrongful conduct, all in an effort to deprive the Plaintiff of his aforesaid constitutional rights and privileges, as guaranteed to him under the *Fourth, Fifth, Eighth* and *Fourteenth Amendments*, in violation of 42 U.S.C. Section 1983.  Thus, the Plaintiff hereby seeks

9

recovery for the violations of his rights to substantive and procedural due process of his constitutional rights, as more specifically set forth herein above.

26.    Plaintiff would further show unto the Court that the actions and conduct of the Defendants, and each of them, constituted the purposeful prevention or hindering of the Plaintiff from the equal protection of the laws of the United States of America.  As a result thereof, the Defendants, and each of them, conspired to deprive or injure the Plaintiff, in his person, liberty or property, such that the Defendants, and each of them, conspired to and did violate the terms and provisions of 42 U.S.C. Section 1985.

27.    Moreover, Plaintiff would show unto the Court that the Defendants, and each of them, conspired for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the Plaintiff from engaging the due course of justice in the State of Mississippi and in the United States of America, with the intent to deny him the equal protection of the laws, all in violation of 42 U.S.C. Section 1985.

28.    Finally, Plaintiff would state and show unto the court that the Defendants, and each of them, violated 42 U.S.C. Section 1986, inasmuch as they failed or refused to prevent the commission of the aforesaid acts of harm.

29.    Plaintiff would therefore assert that the Defendants, and each of them, have violated the Plaintiff's rights and privileges afforded him under 42 U.S.C. Sections 1983, 1985 and 1986.

30.    As a direct and proximate result of said violations and wrongful conduct, the Plaintiff has suffered and incurred actual and compensatory, incidental and consequential,

10

damages, for which the Defendants, and each of them, are liable.  He is likewise entitled to all

relief afforded him under 42 U.S.C. Section 1988.

COUNT III

31.   Plaintiff would incorporate by reference each and every one of the above and

foregoing paragraphs of this Complaint, inclusive of the claims and causes of actions set forth

therein, and he would further state and show unto the Court the following:

32.   Plaintiff would further state and show unto the Court that the Defendants, and each

of them, have engaged in the intentional, willful, malicious, wanton and grossly negligent

infliction of mental and emotional distress upon the Plaintiff, such that the Plaintiff has suffered

and incurred actual and compensatory, incidental and consequential, damages, for which the

Defendants, and each of them, are liable.

COUNT IV

33.   Plaintiff would incorporate by reference each and every one of the above and

foregoing paragraphs of this Complaint, inclusive of the claims and causes of actions set forth

therein, and he would further state and show unto the Court the following:

34.   The Plaintiff would further state and show unto the Court that, under substantive

Mississippi law, the Defendants, and each of them, engaged in the willful, wanton and malicious

infliction of personal injuries to his body, as set forth above, invasion of his privacy, such that he

11

hereby alleges a pendent state law claim against the Defendants for such wrong, and such that they are liable to him therefor.

35.  Plaintiff has suffered and incurred actual and compensatory, incidental and consequential, damages, for which the Defendants, and each of them, are liable.

COUNT V

36.  Plaintiff would incorporate by reference each and every one of the above and foregoing paragraphs of this Complaint, inclusive of the claims and causes of actions set forth therein, and he would further state and show unto the Court the following:

37.  Plaintiff would further state and show unto the Court that Defendant Lewis has engaged in the negligent, intentional, malicious and willful infliction of injuries to the person of the Plaintiff, as set forth above, such that the Plaintiff has suffered and incurred actual and compensatory, incidental and consequential, damages, for which the Defendant is liable.

COUNT VI

38.  Plaintiff would incorporate by reference each and every one of the above and foregoing paragraphs of this Complaint, inclusive of the claims and causes of actions set forth therein, and he would further state and show unto the Court the following:

DEMAND FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Charles Breazeale, by and through his counsel, hereby demands a judgment of, from and against the Defendants, and each of them, and award unto him the following relief:

A. All actual and compensatory, incidental and consequential, damages, to which he is entitled and which a jury of his peers and this Court may deem appropriate, under the aforesaid facts and circumstances.

B. All punitive damages, which a jury of his peers and this Court deem appropriate, based upon the facts that the Defendants, and each of them, engaged in such bad faith, intentional, willful, wanton, and grossly negligent conduct and reckless disregard for the rights and privileges of the Plaintiff and others, such that the Defendants, and each of them, should be subjected to the imposition of punitive damages in an amount so as to punish the Defendants, and each of them, for such conduct; so as to deter the Defendants, and each of them, from engaging in such conduct in the future; so as to deter other similarly situated Defendants from engaging in such conduct in the future; and so as to bring such wrongdoers to public account.

C. Declare the actions and conduct of the Defendants, and each of them, as unconstitutional, void, and in violation of the, *Fourth*, *Fifth*, *Eighth* and *Fourteenth Amendments* to the *United States Constitution*.

D. Injunctive relief, in the form of both mandatory and prohibitive judgments, ordering and directing that all of the Defendants, be ordered to cease and desist from engaging in conduct which violates the rights and privileges of the Plaintiff and others similarly situated, and to order a revision to the policies and procedures of Defendants, so as to prevent such violations of

constitutional rights in the future, as well as such other equitable and injunctive relief, either general or specific, as the Court may deem appropriate.

E. All prejudgment and post-judgment interest, as deemed appropriate by this Court.

F. All attorney fees, costs and expenses, as deemed appropriate by this Court, and in accordance with 42 U.S.C. Section 1988.

Further, the Plaintiff prays for such other relief, either general or specific, as the Court and a jury of Plaintiff's peers deems appropriate.

RESPECTFULLY SUBMITTED, this the 22 day of APL, 2015.

CHARLES BREAZEALE, PLAINTIFF

By: _____
Wm. Scott Mullennix
Cody W. Gibson

Presented to the Court by:
Wm. Scott Mullennix   MS Bar #: 104859
Cody W. Gibson.   MS Bar #: 103967
Attorneys at Law
405 Tombigbee Street
Jackson, Mississippi 39201
Telephone: (601) 948-9840

## REQUEST FOR TRIAL BY JURY

COMES NOW, the Plaintiff, Charles Breazeale, by and through counsel, and respectfully requests a trial by a jury of his peers, of all claims, causes of action and issues set forth in the

14

above and foregoing Complaint, pursuant to Rule 38 of the *Mississippi Rules of Civil Procedure*

and the *Seventh Amendment* to the *United States Constitution*.

RESPECTFULLY SUBMITTED this the 22 day of _____MAY_____, 2015.

CHRISTOPHER BREAZEALE, PLAINTIFF

By: _____

WM. SCOTT MULLENNIX
CODY W. GIBSON

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF
HINDS COUNTY, MISSISSIPPI

CHRISTOPHER BREAZEALE                                              PLAINTIFF

VS.                                          CIVIL ACTION NO. *15-282*

HINDS COUNTY, HINDS COUNTY
SHERIFF'S DEPARTMENT; SHERRIFF TYRONE LEWIS;
and JOHN DOES NOS. 1-10                                            DEFENDANTS

### SUMMONS

THE STATE OF MISSISSPPI
TO ANY PROCESS SERVER:

TO:   HINDS COUNTY
      VIA HINDS COUNTY BOARD OF SUPERVISORS
      316 S. President St. Jackson, MS  39201.

THE **COMPLAINT** WHICH IS ATTACHED TO THIS SUMMONS IS IMPORANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

YOU ARE REQUESTED TO MAIL OR HAND-DELIVER A COPY OF WRITTEN RESPONSE
EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO: **Scott
Mullennix, Esq. 405 Tombigbee Street, Jackson, MS 39201.**

THIS RESPONSE MUST BE MAILED OR DELIVERED WITHIN **THIRTY (30)** DAYS FROM
THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY
DEFAULT WILL BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS
DEMANDED IN THIS COMPLAINT.

YOU MUST ALSO FILE THE ORIGINAL OF YOUR RESPONSE WITH THE CLERK OF THIS
COURT AS PROVIDED BY LAW.

WITNESS MY SIGNATURE AND OFFICIAL SEAL, this the _22_ day of May 2015.

                                          Barbara Dunn
                                   Hinds County Circuit Clerk
                                                    D.C.

PREPARED BY
SCOTT MULLENNIX, MSB #104859
405 TOMBIGBEE ST
JACKSON, MS 39201

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF
HINDS COUNTY, MISSISSIPPI

CHRISTOPHER BREAZEALE                                                     PLAINTIFF

VS.                                           CIVIL ACTION NO. 15-282

HINDS COUNTY, HINDS COUNTY
SHERIFF'S DEPARTMENT; SHERRIFF TYRONE LEWIS;
and JOHN DOES NOS. 1-10                                              DEFENDANTS

## SUMMONS

THE STATE OF MISSISSPPI
TO ANY PROCESS SERVER:

TO:   HINDS COUNTY SHERIFF AND TYRONE LEWIS, IN HIS CAPACITY AS SHERRIFF
      VIA HINDS COUNTY CHANCERY CLERK, EDDIE JEAN CARR
      316 S President St, Jackson, MS 39201

THE **COMPLAINT** WHICH IS ATTACHED TO THIS SUMMONS IS IMPORANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

YOU ARE REQUESTED TO MAIL OR HAND-DELIVER A COPY OF WRITTEN RESPONSE
EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO: **Scott
Mullennix, Esq. 405 Tombigbee Street, Jackson, MS 39201.**

THIS RESPONSE MUST BE MAILED OR DELIVERED WITHIN **THIRTY (30)** DAYS FROM
THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY
DEFAULT WILL BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS
DEMANDED IN THIS COMPLAINT.

YOU MUST ALSO FILE THE ORIGINAL OF YOUR RESPONSE WITH THE CLERK OF THIS
COURT AS PROVIDED BY LAW.

WITNESS MY SIGNATURE AND OFFICIAL SEAL, this the 22 day of May 2015.

Barbara Dunn
Hinds County Circuit Clerk
D.C.

PREPARED BY
SCOTT MULLENNIX, MSB #104859
405 TOMBIGBEE ST
JACKSON, MS 39201

RECEIVED
MAY 26 2015
HINDS COUNTY
BOARD ATTORNEY

Case: 25CI1:15-cv-00282-WAG     Document #: 5     Filed: 06/01/2015     Page 1 of 2
Case: 25CI1:15-cv-00282-WAG     Document #: 3     Filed: 05/22/2015     Page 1 of 1

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF
HINDS COUNTY, MISSISSIPPI

CHRISTOPHER BREAZEALE                                        PLAINTIFF

VS.                                        CIVIL ACTION NO. *15-282*

HINDS COUNTY, HINDS COUNTY
SHERIFF'S DEPARTMENT; SHERRIFF TYRONE LEWIS;
and JOHN DOES NOS. 1-10                                 DEFENDANTS

### SUMMONS

THE STATE OF MISSISSPPI
TO ANY PROCESS SERVER:

TO:   HINDS COUNTY
      VIA HINDS COUNTY BOARD OF SUPERVISORS
      316 S. President St. Jackson, MS  39201.

THE **COMPLAINT** WHICH IS ATTACHED TO THIS SUMMONS IS IMPORANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

YOU ARE REQUESTED TO MAIL OR HAND-DELIVER A COPY OF WRITTEN RESPONSE
EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO: **Scott
Mullennix, Esq. 405 Tombigbee Street, Jackson, MS 39201.**

THIS RESPONSE MUST BE MAILED OR DELIVERED WITHIN **THIRTY (30)** DAYS FROM
THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY
DEFAULT WILL BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS
DEMANDED IN THIS COMPLAINT.

YOU MUST ALSO FILE THE ORIGINAL OF YOUR RESPONSE WITH THE CLERK OF THIS
COURT AS PROVIDED BY LAW.

WITNESS MY SIGNATURE AND OFFICIAL SEAL, this the *22* day of May 2015.

Barbara Dunn
Hinds County Circuit Clerk
D.C.

PREPARED BY
SCOTT MULLENNIX, MSB #104859
405 TOMBIGBEE ST
JACKSON, MS 39201

# RETURN
## PROOF OF SERVICE—CIVIL SUMMONS
(By Process Server)

<u>Anikia Brown, 316 S President St, Jackson, MS 39201</u>
(Name and Address of Person or Entity Served)

   I, the undersigned process server, served a copy of the attached Civil Summons and Complaint upon the person or entity named above in the manner set forth below:

( **XX** ) Personal Service. I personally delivered copies to Anikia Brown, on the <u>26</u>th day of May 2015, where I found said person in Hinds County, Mississippi.

   At the time of service I was at least 18 years of age and not a party to this action.

**Process server:** <u>Jonathan Eli Watts, 405 Tombigbee St., Jackson, MS 39201</u>
(Name, Address & Phone Number)

STATE OF MISSISSIPPI
COUNTY OF HINDS

   Personally appeared before me the undersigned process server in and for the state and county aforesaid, the within named <u>Jonathan Eli Watts</u>, who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Civil Sumons" are true and correct as therein stated.

_____
**Process Server**

Sworn to and subscribed before me this the <u>26</u>th day of May 2015.

_____
Notary Public

My Commission Expires:

3-18-19

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 111778
KIMBERLY JEAN HILLHOUSE
Commission Expires
March 18, 2019
HINDS COUNTY

Case: 25CI1:15-cv-00282-WAG    Document #: 6    Filed: 06/01/2015    Page 1 of 2
Case: 25CI1:15-cv-00282-WAG    Document #: 4    Filed: 05/22/2015    Page 1 of 1

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF
HINDS COUNTY, MISSISSIPPI

CHRISTOPHER BREAZEALE                                        PLAINTIFF

VS.                                      CIVIL ACTION NO. 15-282

HINDS COUNTY, HINDS COUNTY
SHERIFF'S DEPARTMENT; SHERRIFF TYRONE LEWIS;
and JOHN DOES NOS. 1-10                              DEFENDANTS

### SUMMONS

THE STATE OF MISSISSPPI
TO ANY PROCESS SERVER:

TO:   HINDS COUNTY SHERRIFF AND TYRONE LEWIS, IN HIS CAPACITY AS SHERRIFF
      VIA HINDS COUNTY CHANCERY CLERK, EDDIE JEAN CARR
      316 S President St, Jackson, MS 39201

THE **COMPLAINT** WHICH IS ATTACHED TO THIS SUMMONS IS IMPORANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

YOU ARE REQUESTED TO MAIL OR HAND-DELIVER A COPY OF WRITTEN RESPONSE
EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO: **Scott
Mullennix, Esq. 405 Tombigbee Street, Jackson, MS 39201.**

THIS RESPONSE MUST BE MAILED OR DELIVERED WITHIN **THIRTY (30)** DAYS FROM
THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY
DEFAULT WILL BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS
DEMANDED IN THIS COMPLAINT.

YOU MUST ALSO FILE THE ORIGINAL OF YOUR RESPONSE WITH THE CLERK OF THIS
COURT AS PROVIDED BY LAW.

WITNESS MY SIGNATURE AND OFFICIAL SEAL, this the 22 day of May 2015.

                                        Barbara Dunn
                                        Hinds County Circuit Clerk
                                                                D.C.

PREPARED BY
SCOTT MULLENNIX, MSB #104859
405 TOMBIGBEE ST
JACKSON, MS 39201

# RETURN
## PROOF OF SERVICE—CIVIL SUMMONS
(By Process Server)

Eddie Jean Carr, 316 S President St, Jackson, MS 39201
(Name and Address of Person or Entity Served)

I, the undersigned process server, served a copy of the attached Civil Summons and Complaint upon the person or entity named above in the manner set forth below:

( **XX** ) Personal Service. I personally delivered copies to Eddie Jean Carr, on the 26th day of May 2015, where I found said person in Hinds County, Mississippi.

At the time of service I was at least 18 years of age and not a party to this action.

**Process server:** Jonathan Eli Watts, 405 Tombigbee St., Jackson, MS 39201
(Name, Address & Phone Number)

STATE OF MISSISSIPPI
COUNTY OF HINDS

Personally appeared before me the undersigned process server in and for the state and county aforesaid, the within named Jonathan Eli Watts, who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service-Civil Sumons" are true and correct as therein stated.

_____
**Process Server**

Sworn to and subscribed before me this the 26th day of May 2015.

_____
Notary Public

My Commission Expires:

3-18-19

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 111778
KIMBERLY JEAN HILLHOUSE
Commission Expires
March 18, 2019
HINDS COUNTY