IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CHRISTOPHER BREAZEALE**                                                        **PLAINTIFF**

**V.**                                                              **CAUSE NO. 3:15-CV-00417-CWR-LRA**

**HINDS COUNTY, HINDS COUNTY
SHERIFF'S DEPARTMENT, SHERIFF
TYRONE LEWIS; and JOHN DOES 1-10**                               **DEFENDANTS**

## ORDER

Before the Court is defendant Tyrone Lewis's *Motion to Dismiss Federal Claims*. Docket No. 4. The plaintiff opposes the motion with his response, to which the defendant filed a rebuttal. Docket Nos. 13 and 14.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The facts as stated in the complaint are taken as true for purposes of resolving this motion.

On August 29, 2014, Christopher Breazeale ("Breazeale") was taken into custody by the Hinds County Sheriff's Department and detained at the Hinds County Detention Center ("HCDC") in Raymond, Mississippi. Docket No. 1-1. Breazeale informed the arresting deputies that he was insulin dependent and that he required 25 units of insulin with each meal and 40 units at bedtime. During his detention, however, HCDC employees gave Breazeale only 3-4 units of insulin. As a result, on August 30, 2014, Breazeale collapsed and HCDC staff rushed him to the Central Mississippi Medical Center Intensive Care Unit. He was treated for Diabetic Ketoacidosis and Hyperglycemia.

Breazeale initially filed this action against Hinds County, the Hinds County Sheriff's Department, Sheriff Tyrone Lewis ("Lewis") in his official and individual capacities, and John

Does 1-10, asserting claims under 42 U.S.C. §§ 1983, 1985, and 1986.  Breazeale also alleged violations of his rights under the First, Fifth, Eighth, and Fourteenth Amendments, and raised various state law claims.  The state law claims were dismissed as to all defendants and all claims were subsequently dismissed against the Hinds County Sheriff's Department.  Docket Nos. 16 and 17.  What remains are the federal claims against Lewis in his individual capacity.  Lewis pled qualified immunity in his answer and filed the instant motion requesting the Court to dismiss Breazeale's claims or in the alternative, require Breazeale to file a Rule 7 reply.

The Court finds that greater detail would assist the Court and the parties.

## II.  LAW AND ANALYSIS

### A.  Qualified Immunity

"Qualified immunity 'protects government officials from liability from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Holiday v. City of Jackson, Miss.*, No. 3:11-cv-202, 2013 WL 3821607, at *2 (S.D. Miss. July 23, 2013) (quoting *Pearson v. Callahan,* 555 U.S. 223, 231 (2009)).  "To survive a motion to dismiss in cases where the qualified immunity defense is raised, a plaintiff must state facts, which if proven, would defeat the defense."  *Babb v. Dorman*, 33 F.3d 472, 475 n.5 (5th Cir. 1994) (citations omitted).

"A two-part test is used to determine whether a [law enforcement] officer is entitled to qualified immunity."  *Holiday*, 2013 WL 3821607, at *2 (citing *Martinez-Aguero v. Gonzalez*, 459 F.3d 618, 621 (5th Cir. 2006)).  The court must determine: "(1) whether an official's conduct violated the plaintiff's constitutional rights, and (2) whether the right violated was clearly established at the time of the violation."  *Poole v. City of Shreveport*, 691 F.3d 624, 637 (5th Cir. 2012).  The Court has discretion in deciding which question to answer first.  *Id*. at 637-38 (citation omitted).

"When a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense in detail.  By definition, the reply must be tailored to the assertion of qualified immunity and fairly engage its allegations." *Fox v. Mississippi*, No. 3:11-cv-377, 2012 WL 3154971, at *7 (S.D. Miss. Aug. 2, 2012) (quoting *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995) (en banc)).  "The plaintiff's reply is called a Rule 7 reply." *Id.* (citing *Schultea*, 47 F.3d at 1433)).  "The more specific the defendant's invocation of qualified immunity, the more specific the plaintiff's Rule 7 reply must be."  *Id.*

### B.  § 1983 Supervisory Liability

Under § 1983, supervisory officials cannot be held vicariously liable for their subordinates' actions.  *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992) (citing *Monell v. Dep't of Soc. Serv.,* 436 U.S. 658, 691–95, (1978); *Thibodeaux v. Arceneaux,* 768 F.2d 737, 739 (5th Cir. 1985).  "However, a supervisor may be held liable if there exists either: (1) his personal involvement in the constitutional deprivation; or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) (citations omitted).  Supervisory liability may also exist if "supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation. " *Id.* (citations and internal quotation marks omitted).

Here, Breazeale alleges that Lewis is liable for his injuries because:

> 10.  Without due process of law, Defendant Lewis, acting under color of state law, caused such injuries and losses to be sustained by the Plaintiff by his gross negligence, bad faith, wilful [*sic*], wanton and malicious **conduct**.  Furthermore, Defendant Hinds County Sheriff's Department, acting on the **conduct and implementation of policies of Defendant Lewis**, all acting under color of state law, therefore caused such injuries and damages to the Plaintiff by their respective gross negligence, bad faith, wilful [*sic*], wanton and malicious **conduct**.

> 11. It should be further stated that Defendant Sheriff Lewis, acting under color or [*sic*] state law, **has implemented or failed to implement any policy** and follow the requirements of the above stated statutes and to protect individuals, such as the Plaintiff.

Docket No. 1-1 (emphasis added).

Lewis asserts that Breazeale has failed to provide sufficient facts to show a deprivation of his constitutional rights attributable to Lewis and that he has also failed to negate Lewis' qualified immunity. Docket No. 5, at 7. In his complaint and response, Breazeale does not allege that Lewis personally participated in depriving him medical treatment while Breazeale was detained in the HCDC. He also does not reference any official policy or custom, implemented by Lewis, to provide detainees with less than their required dosage of medication.

Breazeale has the burden of showing that Lewis is directly rather then vicariously liable for his injuries. *See Thibodeaux*, 768 F.2d at 739. In his Rule 7 reply, Breazeale must allege specific facts as to how Lewis was involved in the lack of medical treatment he received during his detention in the HCDC, or identify a specific policy implemented by Lewis that caused his injuries.

Breazeale shall file his Rule 7 reply with the Clerk of Court within 14 days. After receiving the Rule 7 reply, Lewis will have 14 days to renew his motion to dismiss, if any, on the basis of qualified immunity. *Fox*, 2012 WL 3154971, at *8 (citing *Rivera v. Kalafut*, 456 F. App'x 325, 328 (5th Cir. 2011)).

**SO ORDERED,** this the 22nd day of March 2016.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

4